**AMP INCORPORATED, a corporation, Plaintiff-Appellant,**

v.

**BUNKER RAMO CORPORATION, a corporation, Defendant-Appellee.**

No. 78–1846.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 23, 1979.

Decided Aug. 22, 1979.

Clyde F. Willian, Chicago, Ill, for plaintiff-appellant.

Lewis T. Steadman, Chicago, Ill., for defendant-appellee.

Before SWYGERT and SPRECHER, Circuit Judges, and NOLAND, District Judge.*

NOLAND, District Judge.

AMP, Inc., the owner of the Roberts patent, U. S. Patent No. 3,760,335, instituted this infringement action against the Bunker Ramo Corporation. Bunker Ramo counterclaimed, alleging noninfringement and invalidity of the Roberts patent. After oral arguments, the district court entered a summary judgment for the defendant on May 18, 1978, ruling the Roberts patent invalid after finding that it was a combination of prior art that failed to demonstrate a necessary synergistic effect. In light of this court's recent decision in *Republic Industries, Inc. v. Schlage Lock Company*, 592 F.2d 963 (7th Cir. 1979), we must find that the summary judgment was inappropriately granted.

In *Republic Industries*, this court addressed the recurring question of what criteria are to be applied in determining the nonobviousness of combination patent claims under section 103 of the Patent Act of 1952. 35 U.S.C. § 103. Recognizing that the district courts of this circuit were increasingly taking the view that a demonstration of synergism and not the criteria set forth in *Graham v. John Deere Co.*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), was the controlling test in determining the validity of combination patent claims, this court stated the following:

[T]his court never intended that synergism be applied literally or that synergism is the *sine qua non* of patentability. Rather, the concept was employed only as a figure of speech to express the truism that when all the parts of a claimed invention are known, the combination (and the act of combining) is likely to be more obvious to one reasonably skilled in the art. *See Reeves Instrument Corp. v. Beckman Instruments, Inc.*, 444 F.2d 263, 271 (9th Cir.), *cert. denied,* 404 U.S. 951, 92 S.Ct. 283, 30 L.Ed.2d 268 (1971). However, because synergism has prevented the development of a consistent, predicta-

* District Judge James E. Noland of the Southern District of Indiana is sitting by designation.

ble body of law under section 103, and because the concept does not bear any logical *ipso facto* relationship to obviousness, the term has little, if any, utility. Therefore until Congress shall otherwise specifically hold, this court will continue to apply the *Graham* analysis as the exclusive means by which to measure nonobviousness under section 103.

*Republic Industries*, 592 F.2d at 972 (footnote omitted). In fairness to District Judge Decker, we must point out as we did in *Republic Industries* that prior to that decision this court was less than clear and consistent in its expressed standards for judging the nonobviousness of combination patent claims. While the *Graham* criteria have always been explicitly or implicitly applied, we have also occasionally mentioned the presence or absence of a requirement resembling synergism. *Republic Industries*, 592 F.2d at 971. In fact, the treatment of synergism as a separate and distinct prerequisite to establish the validity of a claimed combination patent can find support in our decision in *St. Regis Paper Co. v. Bemis Co.*, 549 F.2d 833, 838 (7th Cir.), *cert. denied,* 434 U.S. 833, 98 S.Ct. 119, 54 L.Ed.2d 94 (1977). However, it is our recent clarifying pronouncement in *Republic Industries* against which we must now judge the district court's entry of summary judgment in this cause. AMP, Inc., has raised several issues for our review; however, we find the synergism issue to be dispositive and therefore we need not discuss the remaining issues presented.

On October 7, 1977, the district court first considered and denied Bunker Ramo's motion for summary judgment by an order and accompanying memorandum opinion. Among the issues raised and discussed by the district court in denying Bunker Ramo's motion were the synergistic aspects of the Roberts patent and its obviousness under section 103. Within its opinion, the court stated it was undisputed that the Roberts patent is a combination of the prior art and as such would be patentable only if it produced some synergistic result. The court determined that the inventor's affidavit, stating the commercial embodiment of the

Roberts patent demonstrated the requisite synergistic effect, was sufficient to establish a genuine material issue of fact for trial, thus preventing summary judgment upon this ground.

In a separately headed section of its memorandum, the district court went on to review the following factual inquiries set forth in *Graham* for determining the obviousness of claimed combination patents:

Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved.

*Id.* 383 U.S. at 17, 86 S.Ct. at 694. The district court determined that there are no genuine issues of material fact as to the scope and content of the prior art, or as to the differences between the prior art and the claims at issue. However, the court did state that it found a genuine issue of material fact exists concerning the level of ordinary skill in the art pertinent to the Roberts patent. Thus, the court stated it was unable to grant Bunker Ramo's request for summary judgment on the ground that the Roberts patent was obvious under section 103.

On May 18, 1978, following oral arguments upon Bunker Ramo's motion to reconsider, the district court vacated its order of October 7, 1977, granted Bunker Ramo's motion for summary judgment, amended its memorandum opinion, and entered judgment accordingly. The court's reversal of its previous decision was based upon its determination following rehearing that the inventor's affidavit claiming that a synergistic effect is demonstrated by the commercial embodiment of the Roberts patent could not serve as the basis for validity when the claimed effect was not disclosed by the patent itself. In other words, AMP, Inc. failed to establish a prima facie showing that their combination patent produced a synergistic effect.

Without further discussion of the district court's finding upon rehearing, we

must conclude that summary judgment was inappropriately granted. It is axiomatic that summary judgment is inappropriate when there are genuine issues of material fact. And, particularly in patent cases, genuine issues of fact usually emerge, requiring a full trial. *See Technograph Printed Circuits v. Methode Elec., Inc.,* 356 F.2d 442 (7th Cir. 1966). That is the situation in the instant case.

■ Left unaltered by the court's May 18, 1978, order and amended memorandum opinion is its determination that a genuine issue of material fact exists concerning the level of skill in the art pertinent to the Roberts patent, which remains a necessary factual inquiry under *Graham* for determining whether the Roberts patent is obvious under section 103. We must conclude, therefore, that the district court's entry of summary judgment was based upon the premise that a demonstration of synergism is a necessary and separate prerequisite to a demonstration of nonobviousness under section 103 for establishing the validity of a claimed combination patent. Although such a premise was arguably supportable at the date of District Judge Decker's decision, it is now in conflict with our decision in *Republic Industries.*

Because the district court's own findings other than those relating to its now-erroneous view of the synergism test establish that a genuine issue of material fact remains for trial, we cannot conclude that Bunker Ramo is properly entitled to summary judgment. For this reason, we must REVERSE the judgment of the district court and REMAND this cause for further proceedings and trial.

Circuit Rule 18 shall apply.

REVERSED AND REMANDED.